IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN MARK QUAAK, | § | |
| TDCJ-CID NO.1436525, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-11-2100 |
| SGT. YEAGER, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff John Mark Quaak, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint alleging that defendants violated state prison rules and policies and various constitutional amendments with respect to the events surrounding a disciplinary conviction. (Docket Entry No.1). At the Court's request, plaintiff also filed a more definite statement of his claims. (Docket Entry No.17). For the reasons to follow, the Court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

I. BACKGROUND

On August 9, 2010, plaintiff was charged with a disciplinary violation of creating a disturbance by yelling loudly, arguing with officers, and refusing orders to stop talking. (Docket Entry No.1, page 23). He was placed in prehearing detention the same day. (*Id.*). After a hearing on August 16, 2010, plaintiff was found guilty of the offense in disciplinary action number 20100351410. (*Id.*). Punishment was assessed at fifteen day commissary restriction, forty-five day cell restriction, and a reduction in class line status. (*Id.*).

Plaintiff claims that he should not have been charged with the offense because his actions were justified. Plaintiff claims that Officer Doaks, the guard in charge of the H-Block on August 9, 2010, handed his hat and the cell block keys to plaintiff and asked plaintiff if he

1

wanted to run the block.[1] (Docket Entry No.17, pages 5, 6). Plaintiff yelled for a supervisor. (Docket Entry No.1, page 8). Officer Smith and Sgt. Yeager responded to plaintiff's call. (*Id*., page 3). Plaintiff tried to inform Sgt. Yeager of this security breach, but Yeager did not investigate plaintiff's attempted warning before he instructed Doaks to write plaintiff a major case for creating a disturbance. (Docket Entry No.17, page 2). Sgt. Yeager then forcefully cuffed plaintiff and escorted him to prehearing detention without plaintiff's personal or legal property. (*Id.*, page 2, 20). Neither Yeager nor Doaks called for a video camera or back-up security officers and therefore, covered up Yeager's use of non-provoked force. (*Id.*, page 7). Doaks denied plaintiff dayroom privileges and lunch. (*Id.*).

Doaks wrote the disciplinary case but failed to note his role in provoking plaintiff to create a disturbance. (*Id.*). Plaintiff's substitute counsel, Ms. Leveston, did not ensure that all due process steps were followed before the hearing date and did not assist plaintiff with appealing the disciplinary conviction. (*Id*., page 8).

Disciplinary Hearing Officer, Captain Pittman, refused to wait for plaintiff to secure evidence that would show that the charges against plaintiff were false and did not consider Yeager's statement that plaintiff had never given him any trouble. (*Id.*, page 13). Pittman relied on false evidence to convict plaintiff of the false charge. (*Id.*).

While he was confined in lock-up, Property Officer Bookman placed plaintiff's property in a locker-box outside his cell, which he could not access. (Docket Entries No.1, page 13; No.17, page 15). For twenty-three days, plaintiff was without access to his personal property and legal papers. (Docket Entry No.1, page 13). He grieved this issue, but Assistant Warden Moore denied plaintiff's grievances. (Docket Entries No.1, page 13; No.17, page 17).

---

[1] Officer Alexandria had given the keys to Officer Doaks. (Docket Entry No.1).

Plaintiff names Officers Smith and Alexandria or Alexandrea as defendants but he makes no claims against them. (Docket Entry No.1, page 3). He also names Smith and Alexandria or Alexandrea, and Officers Bowman, Jozwiak, and Lavin as witnesses to these events. (*Id*., pages 3, 8). Plaintiff does not assert any claims against Smith and Alexandria or Alexandrea, and Officers Bowman, Jozwiak, and Lavin.

Based on these allegations, plaintiff seeks injunctive and declaratory relief, and compensatory and punitive damages on grounds that defendants violated TDCJ-CID policies, regulations, and ethical rules, and the federal Constitution. (Docket Entries No.1, page 17, No.17, page 28).

In a separate "Formal Complaint," plaintiff names Lt. Spivey or Spirey, Lt. Brown, Lt. Hill, Captain Houston, Assistant Warden Beard and Warden Roshler as defendants. (Docket Entry No.7). Plaintiff complains that after he was transferred to the Terrell Unit, these officers restricted his legal supplies in retaliation for the grievances and the law suits that he filed. (*Id.*). He seeks an order directing Law Library Supervisor Vigiea Katirdggada to issue him additional indigent paper and to stop harassing him. (*Id.*, page 7).

In his Second Formal Complaint, plaintiff complains that the following persons have denied him additional indigent supplies to prosecute his numerous legal actions: Access to Open Courts Supervisor Vigiea Katirdggada, Unit Law Library Supervisor James, Senior Warden Rodeshler, Assistant Warden Beard, Major Henson, Captain Houston, Lt. Brown, Lt. Spivey, Lt. Smith, Lt. Burgus, Unit Grievance Investigator Rivas, and Sgt. Moffette. (Docket Entry No.9). He seeks an order directing these officers to issue to him upon request at least 100 sheets of indigent paper on Mondays and Fridays. (*Id.*, page 4).

## II. DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.§1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

4

A. Damages

The Prison Litigation Reform Act (PLRA) of 1996 requires prisoners filing suit to demonstrate a physical injury to sustain a claim for damages.  *See* 42 U.S.C.§1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam) (prisoner's failure to allege physical injury precluded award of compensatory damages for emotional or mental injuries allegedly sustained as a result of purported First Amendment violation).  Plaintiff does not allege that he suffered a physical injury as a result of any defendants' conduct.  (Docket Entry No.17, page).  Consequently, he is precluded from asserting a claim for recovery of compensatory damages for emotional or mental injuries under §1997e(e).  *See Geiger*, 404 F.3d at 375.

The prohibitive feature of § 1997e(e), requiring physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement.  *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).  Plaintiff, however, is no longer confined at the Ferguson Unit.  He has been transferred to the Terrell Unit of TDCJ-CID.  (Docket Entry No.7).  A prisoner's claims for injunctive and declaratory relief may be mooted by his transfer to another prison facility.  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).  A prisoner may avoid dismissal of his equitable claims if he shows "either a 'demonstrated probability' or a 'reasonable expectation' " that he will be transferred back to the unit where the alleged violations occurred, or that he will be released and then re-incarcerated in the unit where the alleged violations occurred.  *Id.*  Plaintiff makes no such claims.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding an inmate's claims for injunctive and declaratory relief moot after he was transferred from a detention center to a state correctional institution because any suggestion of a transfer back to the detention center was too speculative to warrant relief).

5

For reasons to follow, the Court finds that plaintiff has not shown that defendants have deprived him of a constitutional right, therefore, any claim for nominal damages must also fail. *See Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008) (noting absent a showing of physical injury, a prisoner may pursue punitive or nominal damages based upon a violation of his constitutional rights). Moreover, plaintiff's pleadings do not reflect any facts to show that the conduct of any defendant was motivated by evil intent or a criminal indifference that would entitle him to punitive damages. *See Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003) (noting standard requires "a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations").

### B. Defendants Yeager, Leveston, Pittman, Moore, and Doaks

#### 1. Disciplinary Charge and Conviction

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle,* 65 F.3d 29, 31-33 (5th Cir. 1995). Plaintiff, however, does not allege, and his pleadings do not show, that he lost any good conduct time that would adversely affect his release on mandatory supervision. The other changes in plaintiff's confinement from the disciplinary conviction *i.e.*, the loss of commissary privileges, cell restriction, and reduction in class line status, do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See Malchi*, 211 F.3d at 959 (right to particular time-earning status); *Madison*, 104 F.3d

6

at 768 (loss of commissary privileges and cell restriction); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1996) (loss of opportunity to earn good time credits). Because none of the disciplinary sanctions imposed in this case deprive plaintiff of a protected liberty interest, his claims regarding the disciplinary charge, hearing, and conviction do not implicate due process concerns. Accordingly, to the extent that plaintiff claims that defendants Moore, Yeager, Leveston, Doaks, Bookman, and Pittman violated his due process rights with respect to the same, such claims are frivolous and subject to dismissal.

To the extent that plaintiff claims that defendants filed a false disciplinary case against him, such claim is barred. A favorable finding on this claim would invalidate plaintiff's disciplinary conviction. Plaintiff has not shown that the result of the disciplinary case has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Moreover, plaintiff concedes that he was yelling and causing a disruption although he claims such conduct was justified. (Docket Entry No.17, page 2).

To the extent that plaintiff claims that the disciplinary charge was retaliatory, he fails to state a cognizable claim. Claims of retaliation generally flow from protections provided by the First Amendment. A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998), or for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citing *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995)). Claims of retaliation from prison inmates, however, are regarded with scepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions. *Woods*, 60 F.3d at 1166. To prevail on a claim of retaliation a prisoner must establish the following

7

elements: (1) the violation of a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris*, 449 F.3d at 684; *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Further, the inmate must allege more than his personal belief that he is the victim of retaliation. *Jones*, 188 F.3d at 325. To demonstrate the requisite retaliatory intent on the defendant's part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166.

Plaintiff's recitation of the chronology of events in this case does not give rise to an inference that defendants Yeager or Doaks retaliated against him by filing a false disciplinary charge. Plaintiff states no facts showing that defendants acted with a retaliatory animus in filing the charge.

Plaintiff's allegation, that the disciplinary charges against him were false, even if true, fails to state an Eighth Amendment deliberate indifference claim. The Eighth Amendment prohibits cruel and unusual punishment. Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety. *Farmer*, 511 U.S. at 834. In this case, plaintiff makes no allegation of risk of harm to his health or safety, nor does the filing of disciplinary charges, even if false, shock the conscience. *United States v. Saleron*, 481 U.S. 739, 746 (1987) (substantive due process prohibits the state actors from engaging in conduct that "shocks the conscience").

To the extent plaintiff complains about the brief placement in prehearing detention or lock-up, the complaint does not implicate a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484, 485-86 (concluding that temporary placement in disciplinary segregation does not impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" or implicate a protected liberty interest); *Madison,* F.3d at 768 (explaining that limitations on privileges and temporary cell restrictions are the type of sanctions that "do not represent the type of atypical, significant deprivation in which a state might create a liberty interest").

Plaintiff's allegations of cruel and unusual punishment, therefore, fail to state a cognizable claim.

### 2. Ineffective Assistance of Counsel-Substitute

An inmate does not have a right to either retained or appointed counsel in a disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). Because plaintiff has no constitutional right to the assistance of counsel substitute, he fails to state a cognizable claim regarding the performance of Counsel-Substitute Leveston. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (no right to counsel, no deprivation of ineffective assistance). Accordingly, plaintiff's claim that Counsel-Substitute Leveston rendered ineffective assistance is frivolous and subject to dismissal.

### 3. Excessive Force

Claims of excessive force in the prison context are governed by the Eighth Amendment, which prohibits cruel and unusual punishment. Not every malevolent touch, push, or shove by a prison guard, however, gives rise to a federal cause of action under the Eighth Amendment. *See Hudson*, 503 U.S. at 9. In that respect, the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis*

uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' " *Id*. at 9-10 (citation and quotation omitted).

To prevail on an excessive-force claim, a plaintiff must establish (1) that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and (2) that he suffered some injury as a result. *See Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996). Plaintiff does not allege that defendants Yeager or Doaks pushed, shoved, hit, or struck him or that he suffered any harm while being escorted to prehearing detention.

To the extent that he alleges that Yeager and Doaks verbally threatened or harassed him, these allegations do not establish a constitutional or actionable claim under 42 U.S.C. § 1983. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (noting that verbal insults or harassment in the prison context do not amount to a constitutional violation and are not actionable). Accordingly, plaintiff's excessive force claim is conclusory and therefore, subject to dismissal.

### 4. Personal Property

Because he is a prison inmate, plaintiff has no legally protected interest in the possession of personal property as a general matter. Prison officials may impose reasonable restrictions on the type and amount of personal property that inmates are allowed to possess while in prison. *See McRae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983), *abrogated on other grounds, Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984). To the extent that Texas prisoners have a right to possess personal belongings, the deprivation of property implicates the Constitution only if such deprivation is accomplished without due process. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). When deprivation of property is occasioned by an official policy, an inmate must be

afforded some combination of notice prior to the deprivation and an opportunity to be heard. *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

Plaintiff complains that defendant Bookman, the property officer, briefly deprived of him of his legal materials while he was in lock-up when she stored his legal papers and materials in a locker outside his cell. He was informed about the location of the property and given the opportunity to complain about the deprivation by grievance. Even though his grievances were denied, plaintiff was not deprived of his property without due process. Accordingly, his due process claim with respect to his legal property is frivolous and subject to dismissal.

### 5. Access to the Courts

Prisoners have a constitutional right of adequate and meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-23 (1976). The right to access is not unlimited. *Jones*, 188 F.3d at 325. The right encompasses only a "reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Johnson v. Rodriquez*, 110 F.3d 299, 310-311 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356). In this case, plaintiff complains that he was denied access to legal papers regarding a child support case and does not indicate that such case was related to his conviction or to the conditions of his confinement. (Docket Entry No.17, page 27).

Moreover, to state a claim for denial of access to the courts, a plaintiff must state facts showing an "actual injury." *See Lewis*, 518 U.S. at 352-53 (holding that actual injury is a constitutional prerequisite to maintaining a claim involving denial of access to the courts). An inmate shows "actual injury" by establishing that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See id; Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (noting that inmate must establish that his "position as a litigant was

prejudiced by his denial of access to the courts"). Plaintiff concedes that he has suffered no injury from the denial of access to the legal papers during his incarceration in lock-up. (Docket Entry No.17, page 28). Therefore, plaintiff fails to state a cognizable access-to-courts claim against defendants.

### 6. Grievances

To the extent that plaintiff complains that Warden Moore or any grievance investigator failed to remedy the actions complained-of in his grievances, no constitutional violation is presented. Plaintiff does not enjoy a constitutional right to a satisfactory resolution of his grievances and complaints. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Because plaintiff has no liberty interest in a satisfactory resolution of his grievances, any alleged failure by prison officials to address and remedy his grievances and complaints does not constitute the violation of a constitutional right.

### 7. TDCJ Policies Rules

To the extent that plaintiff complains that defendants failed to follow TDCJ procedures, policies, and ethical rules, he fails to state an actionable claim under §1983. The mere failure to prison authorities to follow prison rules and regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). To the extent that plaintiff's claims are based on violations of TDCJ regulations and policies instead of constitutional rights, such claims are subject to dismissal.

### B. All Other Defendants

Plaintiff states no facts giving rise to a cognizable claim against Officers Smith, Bowman, Jozwiak, Lavin, and Alexandria or Alexandrea, Lieutenants Spivey or Spirey, Brown, Smith, Burgus, and Hill, Captain Houston, Assistant Warden Beard, Warden Rosher, Vigiea Katirdggada, Supervisor James, Senior Warden Rodeshler, Major Henson, Captain Houston,

Investigator Rivas, and Sergeants Moffette and Smith. (Docket Entry No.9). Therefore, to the extent that he seeks any kind of relief against these persons, his claims against them are subject to dismissal as legally frivolous.

To the extent that plaintiff seeks an order directing any or all of these defendants to provide him with additional indigent paper, his request is DENIED.

### III. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). All claims against all defendants are DENIED.

2. All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 19th day of March, 2012.

                              MELINDA HARMON
                        UNITED STATES DISTRICT JUDGE